SLOMAN *v.* CADY.

ATTORNEY AND CLIENT—FEES—ACTION—TRIAL.
In a suit for compensation of a firm of attorneys, testimony that the defendant consulted plaintiffs professionally in relation to his right to cumulate his votes as a corporate stockholder, though contradicted in part by defendant, justified the trial court in submitting to the jury the controverted issue, whether or not defendant consulted plaintiff.

Error to Wayne; Shepherd, J., presiding. Submitted April 6, 1916. (Docket No. 25.) Decided June 1, 1916.

Assumpsit in justice's court by Adolph Sloman and Edmund M. Sloman, copartners as Sloman & Sloman, against Guy B. Cady for legal services. From a judgment for plaintiffs defendant appealed to the circuit court. Judgment for defendant. Plaintiffs bring error. Affirmed.

*Leon H. Hamburger* (*Sloman & Sloman,* of counsel), for appellants.

*Louis C. Wurzer,* for appellee.

STEERE, J. This case originated in the justices' courts for the city of Detroit, where plaintiffs recovered a judgment for $50 and costs against defendant. The amount of that judgment represented a charge for professional services claimed to have been rendered by one of plaintiffs to the defendant with reference to cumulative voting at a stockholders' meeting of a corporation in which defendant was interested. Mr.

Adolph Sloman. testified that in the latter part of December and the early part of January the defendant consulted him on about three occasions, and that upon the first occasion defendant told him there was likely to be some difficulty in an endeavor to freeze him out of his holdings—

"and we just talked of the matter informally at the time, and I suggested to him the advisability of transferring some of his shares of stock to some friends of his, so as to have a number there when the meeting was finally held."

Testifying further, this witness said:

"On one occasion he kept me there from 12 o'clock noon until 2 o'clock. in the afternoon, discussing that, and figuring out various combinations he could make under the cumulative voting law."

Defendant testified that, having business in the Penobscott Building:

"As I was coming out of there, I happened to think I would ask the question if I wasn't right, if there were five directors and he held ten shares of stock, if he could not vote five times that number of shares for any director, or split it up five different ways, ten apiece for five directors. I stepped into Mr. Sloman's office—it was about 11 or 11:30—and Mr. Adolph Sloman was in the office alone. I asked him if that was correct, I said, 'I thought I would stop in to ask you' —he said, 'I am not sure, I will look it up,' but, having had previous experience, I said: 'Never mind. I think I am right.' He said: 'Wait a minute, I will get the book.' I said, 'It doesn't make any difference.' He got the book, and I went over where I was sure I could get advice, to Mr. James Oxtoby, and Mr. Oxtoby told me what I wanted to know."

Defendant further testified that he did not remain in plaintiff's office to exceed five minutes.

A verdict having been rendered in favor of defendant, plaintiffs now review the case in this court. There are five assignments of error, all relating to the charge

of the court. The charge is short and in the course of it the following occurs:

"I charge you that if the defendant did consult Mr. Sloman in relation to his interest in the Acme Chemical Company, as stated, and you find for the plaintiff, your verdict will be for the sum of $50, with interest."

Taken as a whole, we are of opinion that the charge fairly presented to the jury the one controverted question of fact, *i. e.,* whether the defendant consulted plaintiffs, and as a result of such consultation received the advice for which the bill was rendered.

The judgment is affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, BROOKE, and PERSON, JJ., concurred.